Manchester Retirement Board
No. 2007-595

APPEAL OF DONALD R. CARREAU
(Board of Trustees of the City of Manchester Employees' Contributory
Retirement System)

Argued: March 27, 2008
Opinion Issued: April 8, 2008

*McDowell & Osburn, P.A.*, of Manchester (*Mark D. Morrissette* on the brief), for the petitioner.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Linda S. Johnson* and *Michael J. Kenison* on the brief), for the respondent.

## MEMORANDUM OPINION

DALIANIS, J. The petitioner, Donald R. Carreau, seeks to appeal a decision of the respondent, the Board of Trustees of the City of Manchester

Employees' Contributory Retirement System (board), to offset his disability retirement pension by the amount he received from the City of Manchester to settle his workers' compensation claim. Because we conclude that we lack jurisdiction over his appeal, we dismiss it.

Appeals of board decisions are governed by RSA chapter 541 (2007). *See Appeal of Stanton*, 147 N.H. 724, 727 (2002). Appeals brought under RSA chapter 541 must be filed "[w]ithin thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing." RSA 541:6. The board denied the petitioner's motion for rehearing on August 6, 2007. Therefore, to be timely, he had to file his appeal on or before September 5, 2007. The petitioner, however, filed his appeal on September 6, 2007. He concedes that he filed his appeal one day late.

██ The petitioner contends that the court may waive the thirty-day appeal period for "good cause" as set forth in Supreme Court Rule 1. He is mistaken. We have repeatedly held that New Hampshire follows the majority rule regarding compliance with statutory time requirements, and, thus, "[o]ne day's delay may be fatal to a party's appeal." *Dermody v. Town of Gilford*, 137 N.H. 294, 296 (1993). Specifically, we have held that compliance with a statutory appeal period "is a *necessary prerequisite* to establishing jurisdiction in the appellate body." *Id.* (quotation omitted). The petitioner's failure to comply with the appeal period set forth in RSA 541:6, therefore, deprives this court of jurisdiction to hear his appeal. *See Appeal of Courville*, 139 N.H. 119, 125 (1994) (dismissing appeal filed nearly one year after expiration of thirty-day period set forth in RSA 541:6); *LaCroix v. Mountain*, 116 N.H. 545, 546 (1976) (dismissing appeal filed two days after thirty-day period set forth in RSA 541:6 lapsed). Accordingly, his appeal must be dismissed.

██ Contrary to the petitioner's assertions, we have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007). "Statutory time requirements relative to the vesting of jurisdiction . . . must be distinguished from . . . [our] own procedural rules." *Dermody*, 137 N.H. at 296. While we have the discretion to waive our own procedural requirements "for . . . good cause shown," SUP. CT. R. 1, we "cannot use this concept to establish jurisdiction . . . in the first instance." *Dermody*, 137 N.H. at 297.

██ Although the petitioner asserts that we have original jurisdiction over his appeal under Supreme Court Rule 11, he is mistaken about this as well. "Our Rule 11 procedures are not available to cure an appeal that is defective under RSA ch. 541." *In re Petition of McHale*, 120 N.H. 450, 451

(1980); *see* RSA 541:22 ("[n]o proceeding" other than the appeal provided for by RSA chapter 541 may be brought "in any court of this state to set aside, enjoin the enforcement of, or otherwise review or impeach" any board decision).

█ The explicit language of RSA 541:6 requires that an appeal be brought "[w]ithin thirty days" after an application for rehearing is denied. "The legislature could not have more clearly expressed its intent to require appeals to be filed by a date certain." *Phetteplace v. Town of Lyme*, 144 N.H. 621, 624 (2000). Had the legislature intended to confer authority upon the court to waive this period for "good cause shown," it could have said so explicitly. *See* RSA 599:1-b (2001) (allowing person aggrieved by district or municipal court decision who failed to file a timely appeal because of "mistake, accident or misfortune" and not his own neglect, to petition superior court to allow appeal). When applying a statute, however, "[w]e will neither consider what the legislature might have said nor add words that it did not see fit to include." *N.H. Dep't of Envtl. Servs. v. Marino*, 155 N.H. 709, 713 (2007). Of course, if the legislature disagrees, it is free to amend RSA 541:6. *See Appeal of Malouin*, 155 N.H. 545, 554 (2007).

For all of the above reasons, therefore, we lack jurisdiction to consider this untimely-filed appeal and hereby dismiss it.

*Appeal dismissed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.