**ELIZABETH COCHRANE PICHARDO, Appellant/Petitioner**
**vs.**

**COMMISSIONER OF LABOR, ALBERT BRYAN[1], DEPARTMENT OF LABOR, GOVERNMENT OF THE VIRGIN ISLANDS, EMERALD BEACH RESORT (BEST WESTERN), Appellee/Respondent**

S. Ct. Civ. No. 2007-059

Supreme Court of the Virgin Islands

May 27, 2008

ELIZABETH COCHRANE PICHARDO (Argued), *Pro se.*

---

[1] The original caption listed Department of Labor Commissioner Cecil Benjamin as the defendant. This Court substitutes Albert Bryan, the current Commissioner of Labor as the defendant as required by Virgin Islands Supreme Court Rule 34(c).

MICHELLE T. MEADE, ESQ. (Argued), Dudley, Clark & Chan, LLP, St. Thomas, U.S.V.I., *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## MEMORANDUM OPINION

(May 27, 2008)

Before the Court is Appellant's challenge to the Superior Court order dismissing her petition for writ of review as untimely. For the reasons stated below, we will affirm the dismissal.

## I. BACKGROUND

Elizabeth Cochrane Pichardo ("Appellant" or "Pichardo"), *pro se,* filed a discrimination complaint with the Virgin Islands Department of Labor against her employer, Emerald Beach Resort (Best Western) ("Appellee" or "Emerald Beach") in November, 2000. After a long delay, the Department of Labor Administrative Law Judge ("ALJ") issued a written decision on July 17, 2006 in which Emerald Beach prevailed.

While in New York for medical treatment, Pichardo claims she filed, via facsimile, a petition for writ of review ("petition"), titled "Notice for Appeal", with the Superior Court, Division of St. Croix on August 18, 2006. As part of the joint appendix filed with this Court we have a fax confirmation report generated by Pichardo's sending machine showing the successful transmission of seven pages to the Superior Court's St. Croix fax number, supplied by a deputy clerk of the court. (J.A. at 30.) The Superior Court's St. Croix Division did not docket or place in the record this faxed petition. Pichardo also faxed the petition to Mr. Edgar Philips, a friend of hers on St. Thomas, who allegedly hand-delivered a copy of the petition to the Superior Court's St. Thomas Division on August 21, 2006. The joint appendix also contains a copy of her petition which includes a Superior Court stamp with the date and time of "2006 AUG 21 PM 2:08." (J.A. at 32-37, backside.) The Superior Court's St. Thomas Division did not docket or place in the record this hand-delivered petition, and the record does not reflect whether the court transferred the documents to the St. Croix Division. After returning to the Virgin Islands, Pichardo filed a third copy of the petition with the Superior Court in St.

Croix on September 27, 2006, the only filing docketed in this appeal. Emerald Beach claims Pichardo never served them with the petition.

On October 6, 2006, the Superior Court dismissed the action for failure to comply with Superior Court Rule 15, requiring a certificate of the attorney to accompany the petition. Pichardo filed a motion to vacate the dismissal,[2] which was granted on October 23, 2006. On January 17, 2007, the Superior Court granted Appellee's motion to reconsider this vacatur and dismissed the case for lack of jurisdiction on the grounds that the petition for writ of review filed on September 27, 2006 was untimely. Appellant filed this timely appeal on March 2, 2007.[3]

## II. DISCUSSION

Pichardo appeals the Superior Court's dismissal of her petition for review for untimeliness. This Court has jurisdiction over timely appeals from final orders of the Superior Court. V.I. CODE ANN. tit. 4, § 32(a) (2004). The standard of review for this Court in examining the Superior Court's application of law is plenary. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). We review findings of fact for clear error. *Judi's of St. Croix Car Rental, v. Weston*, 49 V.I. 396, 399 (V.I. 2008). We exercise plenary review over the Superior Court's subject matter jurisdiction determination. *Id.*

The Department of Labor issued its decision on Pichardo's discrimination complaint on July 17, 2006. The Superior Court opined, and Pichardo does not challenge, that she had notice of the ALJ's decision by July 21, 2006. In determining the timeliness of the petition, the Superior Court relied on Superior Court Rule 15(a) which states that a petition for writ of review "shall be filed within 30 days after the date of the decision or determination complained of . . . ." V.I. S. CT. R. 15(a). Notwithstanding the clear and unambiguous language of Rule 15(a), Superior Court judges have historically interpreted the rule to mean that the petition for review must be filed within thirty days of *notice* of the decision. *See, e.g., Tip Top Constr., Inc. v. Gov't*, 41 V.I. 72, 74-75 (V.I. Super. Ct. 1999) ("Notwithstanding the plain and unambiguous language

---

[2] The time to appeal the October 6, 2006, decision was stayed pending the outcome of the motion to vacate. *See* V.I. S. CT. R. 5(a)(4).

[3] Virgin Islands Supreme Court Rule 5(a)(1) provides a sixty day deadline to file an appeal when the Government of the Virgin Islands is a party.

of the rule, case law has interpreted the thirty (30) day filing period to run not from the date of the offending order, but from the date of notice of the order to the petitioner." citing *In re Hodge*, 16 V.I. 548, 555 (V.I. Super. Ct. 1979)). We need not determine whether reading "notice" into the rule is incongruous with its plain language or whether the time limit therein is jurisdictional because the judicial review of an administrative order in employment discrimination cases is specifically provided for by title 24, section 457(a) of the Virgin Islands Code, requiring:

> [a]ny person aggrieved by a final order of the department granting or denying in whole or in part the relief sought may obtain a review of such order by filing in a court of competent jurisdiction, *within 30 days of its issuance,* a written petition praying that such decision of the department be modified or set aside.

24 V.I.C. § 457(a) (emphasis added).

When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore, a petition filed out of time deprives the court of jurisdiction to entertain the appeal. *See Bowles v. Russell*, ___ U.S. ___, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007) ("As we have long held, when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." (internal quotation marks omitted)); *see also Brown v. People*, 49 V.I. 378, 380 (V.I. 2008) (citing *Bowles*, 127 S. Ct. at 2362). The *Bowles* Court also noted that courts are without authority to apply equitable principles to disregard the time limits established by statute for prosecuting appeals. *Bowles*, 127 S. Ct. at 2366. Here, section 457(a)'s legislatively-mandated thirty-day time limit from the date of issuance is jurisdictional and may not be equitably modified by courts. *See Carreau v. Bd. of Trs. of Manchester Employees' Contributory Ret. Sys.*, 157 N.H. 122, 945 A.2d 687, 689 (2008) ("Contrary to the petitioner's assertions, we have no authority to create equitable exceptions to jurisdictional requirements. Statutory time requirements relative to the vesting of jurisdiction must be distinguished from our own procedural rules." (quoting *Bowles*, 127 S. Ct. at 2366) (internal quotation marks, ellipses and brackets omitted)).

Pichardo's deadline to file her petition for review and to confer jurisdiction on the Superior Court was August 16, 2006, thirty days from

the July 17, 2006 issuance of the ALJ's order. 24 V.I.C. § 457(a). The Superior Court found that Pichardo filed the petition on September 27, 2006, more than thirty days past the deadline. Appellant's assertion that the petition was filed by fax on August 18, 2006, or that it was filed in person on August 21, 2006, is of no significance since either date is beyond the statutory deadline to file the petition for review. *See id.*; *Carreau*, 945 A.2d at 689. Appellant makes no claim, and the record is void of any indication, that the petition for review was filed in any form or in any division of the Superior Court by the August 16, 2006 deadline. Accordingly, the petition was untimely and was properly dismissed by the Superior Court for lack of jurisdiction.

## III. CONCLUSION

Because the record reflects that Pichardo's petition for writ of review was not filed by the August 16, 2006 deadline, we affirm the Superior Court's dismissal order.