**WORLDWIDE FLIGHT SERVICES, Appellant/Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF LABOR, HEARINGS AND APPEALS UNIT, and DALE BROWNE, Appellees/Respondents**

S. Ct. Civ. No. 2008-014

Supreme Court of the Virgin Islands

January 21, 2009

FERMIN E. FONTANES GOMEZ, ESQ., Ogletree Deakins Law Firm, St. Thomas, USVI, *For the Appellant.*

RICHARD S. DAVIS, ESQ., Assistant Attorney General, St. Thomas, USVI, *For the Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 21, 2009)

PER CURIAM. Appellant Worldwide Flight Services (hereafter "WWFS") appeals a November 29, 2007 Superior Court order denying its

Petition for Writ of Review as well as a February 1, 2008 order denying its motion for reconsideration of the November 29, 2007 order. The Government of the Virgin Islands (hereafter "Government" or "Appellee") contends that these orders should be affirmed because WWFS did not timely file its petition. For the reasons that follow, we shall affirm the trial court with respect to both orders.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dale Browne (hereafter "Browne"), a former employee of WWFS, filed a wrongful discharge complaint with the Department of Labor (hereafter "DOL") in 2003. On February 5, 2007, the DOL issued an order concluding that Browne had been wrongfully discharged and awarding him back pay, less interim earnings, in the amount of $7,063.20. WWFS filed a request for reconsideration of that order on February 14, 2007. On March 21, 2007, the DOL issued a final order granting the $7,063.20 to Browne.

On July 31, 2007, the DOL filed in the Superior Court a Petition for Enforcement of its March 21, 2007 order, contending that WWFS had not complied with the order. On August 2, 2007, WWFS filed a Petition for Writ of Review, arguing that the March 21, 2007 order should be vacated. WWFS contended that it did not receive the March 21, 2007 order until July 25, 2007, and thus its Petition for Writ of Review was timely. After consolidating both actions, the Superior Court, in an order entered on November 29, 2007, denied WWFS's petition because the record indicated that the March 21, 2007 order — which had been sent to WWFS via certified mail — was delivered to WWFS on March 26, 2007, and thus WWFS's petition was untimely pursuant to title 24, section 70 of the Virgin Islands Code. WWFS filed a motion for reconsideration on December 13, 2007, which the trial court denied in a February 1, 2008 order on the grounds that WWFS used its motion as a vehicle for rearguing issues that the court had already decided. WWFS filed its Notice of Appeal on February 28, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior

Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its order granting the DOL's petition on December 20, 2007, and Appellant's Notice of Appeal was filed on January 16, 2008, the Notice of Appeal was timely filed. *See* V.I. S. CT. R. 5(a)(1).

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). "The appropriate standard of review for denial of a motion to reconsider is generally for abuse of discretion but, if the trial court's denial was based upon the interpretation or application of a legal precept, then review is plenary." *Lucan Corp., Inc. v. Robert L. Merwin & Co., Inc.*, Civ. No. 2007-15, 2008 V.I. Supreme LEXIS 19, *5, [WL] (V.I. 2008).

## B. WWFS's Petition for Writ of Review was Untimely Filed

The WWFS, citing *Tip Top Constr., Inc. v. Gov't*, 41 V.I. 72 (V.I. Super. Ct. 1999) and various other Superior Court cases, argues that the trial court erred in dismissing its petition as untimely because precedent in this jurisdiction purportedly establishes that the thirty-day period for filing a petition for writ of review runs not from the date the order is issued, but from the date the party receives notice of the order. According to the WWFS, the Government's evidence — an unsigned postal receipt and the certified mail tracking page from the United States Postal Service's website — demonstrates proof of service, but not proof of actual notice, and thus the trial court erred in dismissing its petition based on this evidence.

The Government contends that this Court's decision in *Pichardo v. Comm'r of Labor*, 49 V.I. 447 (V.I. 2008) precludes WWFS's interpretation of the law and, even if it does not, the DOL has provided strong proof that WWFS received its order which cannot be rebutted by WWFS's assertions. Thus, the Government argues that the Superior Court did not have subject matter jurisdiction to consider WWFS's petition, and was correct to dismiss the action.

 We agree with the Government that our *Pichardo* decision controls the disposition of this case. In addition to the fact that this Court is not bound to follow *Tip-Top* or other Superior Court decisions, we clearly distinguished in *Pichardo* between a Petition for Writ of Review

filed pursuant to Superior Court Rule 15(a) — as had been the case in *Tip-Top* — and one filed pursuant to statute.[1] In *Pichardo*, we held that "[w]hen the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore a petition filed out of time deprives the court of jurisdiction to entertain the appeal." *Id.* at 450 (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007)). Here, as in *Pichardo*, a statute requires that a Petition for Writ of Review of a final DOL order be filed "within 30 days of its issuance." 24 V.I.C. § 70. Accordingly, neither this Court nor the Superior Court may allow this thirty-day period to begin on the date WWFS purportedly received the order in lieu of the date the DOL issued that order.

▇ Likewise, we are not persuaded by WWFS's contention that applying *Pichardo* to these facts would effectively give the DOL power to deny review of its decisions by refusing to serve its orders until after the statutory time period for seeking review expires, for WWFS's argument is based on a misreading of section 70 of title 24. That statute states, in pertinent part, that one "may obtain a review of such order . . . within 30 days of its *issuance*." 24 V.I.C. § 70(a) (emphasis added). Though the statute does not define the term "issuance," Black's Law Dictionary states that the verb "issue" means "to send out or distribute officially." BLACK'S LAW DICTIONARY 850 (8th ed. 2004). Other courts, when faced with similar statutes and facts, have held that "issuance" of an order occurs on the day the order is served. *See Erickson v. Idaho Bd. of Registration and Prof'l Eng'rs*, No. CV 2006-5256, 2006 WL 3628105, at *7 (Idaho Dist. 2006); *D.F.C. v. Minnesota Comm'r of Health*, 693 N.W.2d 451, 453-54 (Minn. Ct. App. 2005); *see also Mining Energy v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 575 (4th Cir. 2004). Thus, applying *Pichardo* to this case will not result in the DOL obtaining the power to deny, at its discretion, a litigant's right to seek review of a DOL order, because the thirty-day deadline does not begin to run until after service is effectuated.

---

[1] Title five, section 1421 *et seq.* of the Virgin Islands Code authorizes writs of review pursuant to Superior Court Rule 15(a) in cases where "there is no appeal or other plain, speedy, and adequate remedy." 5 V.I.C. § 1422. Because section 70 of title 24 authorizes an aggrieved party to file a petition for writ of review of a DOL wrongful discharge determination, and does not incorporate the Superior Court's rules for writ of review by reference, the time limits of Rule 15(a) are not implicated in this matter.

■ The record clearly reflects that the DOL's March 21, 2007 order was served on WWFS in late March 2007. The order's certificate of service states that it was sent to WWFS, via certified mail, to its Henry Rohlsen Airport address on March 21, 2007. The certified mail receipt indicates that the letter to WWFS was postmarked on March 23, 2007. (J.A. at 25.) Although no signed receipt was provided, the United States Postal Service confirms that this certified letter was delivered to WWFS on March 26, 2007. (J.A. at 26-27). In her December 13, 2007 sworn declaration, Joanne Bohr, WWFS's General Manager, confirmed that WWFS's mailing address is the same Henry Rohlsen Airport address indicated on the certificate of service and the certified mail receipt. (J.A. at 12.) Thus, the DOL effected service in March 2007 and WWFS's August 2, 2007 Petition for Writ of Review was untimely filed. Accordingly, the Superior Court was correct to dismiss WWFS's petition for lack of subject matter jurisdiction.

## C. The Superior Court Properly Denied WWFS's Motion for Reconsideration

■ WWFS also appeals the Superior Court's denial of its motion for reconsideration. "Motions for reconsideration must be based on: '(1) an intervening change in the controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.' " *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008) (quoting LRCi 7.4). A motion for reconsideration "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004).

■ WWFS argues that it filed its motion for reconsideration in order to have the Superior Court correct a clear error of law or prevent manifest injustice. According to WWFS, "[c]ontrary to the Superior Court's finding that WWFS' Petition was untimely, it is well settled in this Territory that a petition for a writ of review is timely if filed within thirty (30) days of *receipt* of the order." (Appellant's Br. at 5) (citing *Virgin Islands Gov't Hosps. and Health Facilities Corp. v. Gov't of Virgin Islands, Dept. of Health*, 47 V.I. 430, 433 n.1 (Super. Ct. 2006)) (emphasis in original). However, it does not appear that WWFS raised any arguments in its motion for reconsideration that it did not or could not

have raised in its opposition to the Government's initial motion to dismiss. More significantly, the Superior Court did not make a clear error of law. As discussed in the previous subsection, *Tip-Top, Hospitals*, and other Superior Court decisions do not bind this Court, and our *Pichardo* decision clearly held that a court may not equitably modify a legislatively-mandated 30 day time limit. *Pichardo*, 49 V.I. at 450. Accordingly, the trial court did not abuse its discretion in denying WWFS's motion for reconsideration.

## III. CONCLUSION

Pursuant to this Court's decision in *Pichardo*, a court may not extend a legislatively-mandated time limit for filing a Petition for Writ of Review. Here, the record clearly indicates that the DOL issued its final order in late March 2007, but WWFS did not file its petition until August 2, 2007. Because title 24, section 70 of the Virgin Islands Code expressly states that a litigant must file a Petition for Writ of Review of a DOL final decision within thirty days of its issuance, the Superior Court was correct to dismiss WWFS's petition and deny its motion for reconsideration, and we accordingly affirm both orders.

## ORDER OF THE COURT

**AND NOW**, consistent with the reasons outlined in the Opinion of the Court of even date, it is hereby

**ORDERED** that the Superior Court's November 29, 2007 and February 1, 2008 orders are **AFFIRMED**; and it is further

**ORDERED** that copies of this Order be served on the parties' counsel.

**SO ORDERED** this 21st day of January, 2009.