**THEODORE CYPRIAN, as Personal Representative of
CRESCENTUS OSCAR, Deceased, Plaintiff**

**v.**

**GUNNEL H. BUTCHER and VIRGIN ISLANDS WATER AND POWER
AUTHORITY and SUN CONSTRUCTORS, INC., Defendant**

Case No. SX-08-CV-515

Superior Court of the Virgin Islands

Division of St. Croix

May 17, 2010

PAMELA LYNN COLON, ESQ., Law Offices of Pamela Lynn Colon, L.L.C., St. Croix, USVI, *Attorney for Plaintiff*.

LORELEI FARRINGTON, ESQ., General Counsel, By: ROCHELLE M. BERNTUDEZ, ESQ., Assistant General Counsel, Virgin Islands Waterand Power Authority, St. Croix, USVI, *Attorney for Defendant*.

ROSS, *Judge*

## MEMORANDUM OPINION

(May 17, 2010)

THIS MATTER is before the Court on Plaintiff Theodore Cyprian's (hereafter "Cyprian" or "Plaintiff") Motion For Reconsideration, Or In the Alternative For Certification. Plaintiff asserts that this Court committed manifest error of law when, by order dated August 19, 2009, it dismissed Plaintiff's claims against WAPA after overturning its initial order denying Virgin Islands Water and Power Authority's (hereafter "WAPA" or "Defendant") Motion to Dismiss, upon an unprecedented finding that the Virgin Islands Tort Claims Act (hereafter "VITCA" or "Act") applies to WAPA. WAPA opposes arguing that the Court was correct in dismissing Plaintiff's action against WAPA for lack of subject matter jurisdiction because the VITCA clearly applies to WAPA and Plaintiff failed to comply with the prerequisites of the VITCA. For reasons elucidated below and as a matter of law, Plaintiff's Motion for Reconsideration shall be granted, the Court's August 19th -Order shall be vacated, and WAPA's underlying Motion to Dismiss, consistent with this Court's order dated January 12, 2008, shall be denied.

## I. BACKGROUND

In its decision under review *sub judice*, this Court held that WAPA, "as an instrumentality of the Government of the Virgin Islands, is covered by the Act," and "[a]s such, anyone wishing to bring suit against WAPA must be in compliance with the Act." *Cyprian v Butcher and Virgin Islands Water and Power Authority*, Civ. No. SX-08-CV-515 (Aug. 19, 2009). The Court reasoned that in light of the Legislature's 1980 amendment of title 30, section 122, which put additional limitations on WAPA's autonomy, the 1999 amendments to the VITCA must be construed to extend protection to WAPA under the Act. *Id.* at 6. Prior to this decision,

226

language contained in parts of the WAPA enabling statute had been interpreted with respect to other *independent instrumentalities* and agencies of the Virgin Islands as precluding sovereign immunity. *See Cintron v. VI Port Authority,* 18 V.I. 105, 106 (Terr. Ct. 1981) and *Rosa v. Housing Authority,* 43 V.I. 131, 136 (Terr. Ct. 2001).

A brief history of WAPA's enabling legislation as it relates to the applicability of the VITCA is, thus, primordial in setting the stage for the Court's analysis below. In 1964, the Virgin Islands Legislature created WAPA as a "public corporation and *autonomous* governmental instrumentality of the Government of the Virgin Islands" with its own Governing Board for the purpose of developing and providing water and electric power services for the people of the Virgin Islands. V.I. CODE ANN. tit. 30 §§ 103, 105. *V.I. Public Services Commission v. V.I. Water and Power Authority,* 49 V.I. 478, 488 (V.I. 2008); *See also, De La Cruz v. WAPA,* 2010 U.S. Dist. LEXIS 36032 (D.V.I.). Poignantly, from its inception, WAPA was established as "a corporation having legal existence and personality *separate and apart* from the Government." 30 V.I.C. § 103(b) (emphasis added). Accordingly, "[s]ubject to section 112(a) of this title, the debts, obligations, contracts, bonds, notes, debentures, receipts, expenditures, accounts, funds, facilities, and property of the Authority shall be deemed to be those of said Authority and not to be those of the Government of the United States Virgin Islands, or any office, bureau, department, agency, commission, municipality, branch, agent, officer or employee thereof." *Id.*

As an *autonomous* governmental instrumentality, WAPA, from the time of its inception, was also designedly armed with the express general power to *"sue and be sued in its corporate name."* 30 V.I.C. § 105(4) (emphasis added). Notably, the clause "to *sue and be sued*" when applied to a governmental entity "must be liberally construed" such that it encompasses "the natural and appropriate incidents of legal proceedings." *See De La Cruz v. WAPA,* Slip Copy, 2010 U.S. Dist. LEXIS 36032 (D.V.I.). (Citing *Penn. Dep't Of Envtl. Resources v. United States Postal Serv.,* 13 F.3d 62, 65 (3d Cir. 1993) (citing *Fed Housing Admin. v. Burr,* 309 U.S. 242, 245, 60 S. Ct. 488, 84 L. Ed. 724 (1940); *See also Loeffler v. Frank,* 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed. 2d 549 (1988) (Congress . . . has waived the sovereign immunity of certain federal entities from the times of their inception by including in the enabling legislation provisions that they may sue and be sued"). Thus, the

Legislature by endowing WAPA from the time of its inception with the general power *"to sue and be sued,"* thereby, also categorically waived WAPA's claim to sovereign immunity made generally applicable to *the Government of the Virgin Islands* by Congress in the Revised Organic Act. *See Rosa v. VIHA,* 43 V.I. 131, 136 (Terr. Ct. 2001) ("by creating VIHA as a public body corporate and politic, and decisively conferring it with the power to sue and be sued, the government was clearly and unequivocally waiving sovereign immunity with respect to VIHA in its capacity as a 'separate entity' from the government"). WAPA does not dispute this.

Furthermore, title 30, section 121 serves to *very broadly* shield WAPA from regulation by other governmental entities, "no officer, board, commission, department or other agency or political subdivision of the United States Virgin Islands" has jurisdiction over WAPA in the management and control of its assets. 30 V.I.C. § 121.

Originally, section 122, also served to categorically exempt WAPA from all inconsistent laws past or future, *unless* made *specifically applicable to WAPA. See also,* 1964 V.I. Sess. 378, 399 (Act 1248)[1]; *see also, PSC v. WAPA,* 49 V.I. at 484-485. In 1980, the Legislature did, however, amend title 30, section 122 to very limitedly narrow the exemption by making WAPA additionally subject to those laws made generally applicable to *independent instrumentalities.* The current section 122 now provides that "[n]othing . . . shall be construed as exempting the Virgin Islands Water and Power Authority from any law made *specifically* applicable thereto or generally applicable to *independent* instrumentalities of the Government . . ." *Id.* The Legislative purpose for doing so was "to provide that *no independent instrumentality* of the Government shall be exempt from laws *made specifically* applicable *thereto,* or *generally*

---

[1] Title 30, section 122 reads in its entirety:

**§ 122. Inconsistent provisions of other Acts superseded**

Insofar as the provisions of this chapter are inconsistent with the provisions of any other Act of the Legislature of the Virgin Islands, the provisions of this chapter shall be controlling and no law heretofore or hereafter passed governing the administration of the Government of the Virgin Islands or any parts, office, bureaus, departments, commissions, municipalities, branches, agents, officers, or employees thereof shall be construed to apply to the Authority unless so specifically provided, but the affairs and business of the Authority shall be administered as provided herein.

30 V.I.C. § 122

applicable *to independent instrumentalities* of the Government of the Virgin Islands." *See* 1980 V.I. Sess. 11, 12 (Act 4407) (emphasis added). It bears noting that the Legislature simultaneously amended in identical fashion the enabling statutes of the *Virgin Islands Port Authority, the Virgin Islands Public Television System, the College of the Virgin Islands, the Virgin Islands Housing Authority or the Virgin Islands Urban Renewal Board, the Virgin Islands Magens Bay Authority the Board of Trustees or the Employees Retirement System of the Government of the Virgin Islands, and the Government Bank for the Virgin Islands. See* 1980 V.I. Sess. 11 (Act 4407). Following the 1980 amendment, the Legislature amended section 105 several times thereby expanding WAPA's enumerated powers. *See e.g.,* 30 V.I.C. §§ 105(7), (10), (19), and (20).

Having briefly set forth those sections of WAPA's enabling legislation that are relevant to the Court's analysis, the procedural history giving rise to this review follows.

On November 28, 2008, WAPA, challenging for the first time the Court's longstanding holding that WAPA — as an autonomous instrumentality of the Government — is *not* afforded the protections of the VITCA, filed a Motion to Dismiss Plaintiff's tort claims against WAPA. It did so, on grounds that they are covered by the VITCA and that Plaintiff had fatally failed to comply with the filing prerequisites of the Act. On January 12, 2009, the Court summarily denied WAPA's motion to dismiss. WAPA thereafter filed a Motion to Reconsider on January 30, 2008. It did so, chiefly, on grounds that — since the Court's January 12th -Order was entered on the same day as WAPA's reply — it may not have been properly considered by the Court. Finding merit to WAPA's claims, the Court reversing the Court's prior ruling granted both WAPA's Motion to Reconsider and WAPA's Motion to Dismiss. On September 29, 2009, Plaintiff filed the instant motion for reconsideration *subjudice.* WAPA opposes.

## II. ANALYSIS

### A. Jurisdiction and Standards of Review

"Motions for reconsideration must be based on: (1) intervening change in the controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *In re Infant Sherman,* 49 V.I. 452, 457 (V.I. 2008) (quoting LRCi 7.4). A motion for

reconsideration "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Worldwide Flight Servs. v. GVI*, 51 V.I. 105, 2009 V.I. Supreme LEXIS 4 (quoting from *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004)).

Plaintiff argues that he filed his motion for reconsideration in order to have the Superior Court correct a manifest error of law. Plaintiff contends that this Court's August 19th -Order is contrary to specific Virgin Islands Supreme Court precedent, as well as authority form the Third Circuit Court of Appeals and other prior case law, and as such must be vacated in order to correct clear error and prevent manifest injustice.

In support of its position, Plaintiff argues that 1) the Legislature in enacting WAPA's enabling statute expressly waived WAPA's sovereign immunity when it granted WAPA with general powers "*to sue and be sued in its corporate name*"; 2) The VITCA neither applies *specifically* to WAPA nor generally to *independent* instrumentalities, and, thus, is made *inapplicable* to WAPA, pursuant to § 122 of WAPA's enabling legislation; and 3) WAPA's own prior practice in interpreting the relevant provisions of its enabling statute unequivocally demonstrates the inapplicability of the VITCA to WAPA.

WAPA disagrees that there is a manifest error of law and contends instead that Plaintiff in rehashing issues already decided or which could have been decided fails to satisfy the requirement of LRCi 7.4, as articulated in *Worldwide Flight Servs. v. GVI*, 51 V.I. 105, 2009 V.I. Supreme LEXIS 4. Namely, because, WAPA finds that the Court was correct in finding — pursuant to section 122 of its enabling statute and the 1999 Amendments to the VITCA — that the VITCA applies to WAPA.

The Court, persuaded by Plaintiff's arguments, and finding WAPA's contentions to the contrary without legal merit, now agrees that the Supreme Court's opinion in *PSC v WAPA* is highly instructive on the underlying issues raised by Plaintiff's motion for reconsideration and WAPA's initial motion to dismiss. It is apparent that the main source of contention between the parties, herein, stems from the meaning and effect of title 30, section 122 on the applicability of the VITCA to WAPA. Section 122 states, in full:

> Nothing in this chapter shall be construed as exempting the Virgin Islands Water and Power Authority from any law *made specifically*

230

*applicable thereto or generally applicable to independent instrumentalities* of the Government of the United States, whether such law was enacted before, on, or after February 14, 1980.

30 V.I.C. § 122 (emphasis added).

 It also bears emphasizing that in amending section 122 in order to restrict WAPA's broad exemption from other laws that are inconsistent with its enabling legislation, the Legislature expressly clarified that it did so *only* with respect to laws that fall under two very narrow exceptions. Specifically, the Legislature plainly expressed that *independent instrumentalities* of the Government of the Virgin Islands shall not be construed to be exempt from laws *made 1) specifically applicable thereto*, or 2) *generally applicable to independent instrumentalities of the Government of the Virgin Islands. See* 1980 V.I. Sess. 11, 12 (Act 4407) (emphasis added).

 The crux of the matter is that in 1980 when the Legislature narrowed WAPA's broad exemption under section 122 by making WAPA subject to all laws made generally applicable to *independent instrumentalities*, clearly the Legislature did *not* at such time further narrow WAPA's exemption by also making WAPA subject to all laws made generally applicable to *instrumentalities*. Indeed, if the Court were to so erroneously uphold, the exception to WAPA's broad exemption from applicability of other *inconsistent* laws would essentially swallow the general rule set forth in section 122. Thus, thereby, also entirely negating WAPA's longstanding *autonomy* and existence as an *independent instrumentality* of the Government. This would be so, even though WAPA — through its enabling legislation — is *purposefully* defined as being *separate and apart* from the Government. This conclusion would be to the deepest chagrin of WAPA.

 It, thus, conversely follows that when laws *not* categorically made specifically applicable to WAPA or generally applicable to independent instrumentalities, like WAPA are *inconsistent* with its own enabling legislation, the provisions of its enabling legislation *shall* control.

Having found the appropriate rule of construction for determining the applicability of the VITCA to WAPA, the Court now turns to the dispositive issue at bar on whether or not the VITCA applies to WAPA.

## B. Applicability of the VITCA

Before proceeding forward, however, a brief history of the VITCA provides an instructive pathway. The Revised Organic Act grants sovereign immunity to the *Government of the Virgin Islands* for tort claims, providing "that no tort action shall be brought against the Government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature." *Commissioner of Dept. of Planning and Natural Resources v Century Alumina Co., LLC*, 2010 U.S. Dist. LEXIS 866, *7, [WL] (D.V.I. Jan. 5, 2010) (citing 48 U.S.C. § 1541(b)). The Virgin Islands has waived this immunity for certain torts as provided in the VITCA. *See* 33 V.I.C. § 3401 *et seq.* Specifically, the Government's immunity is waived "with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment." *Century Alumina Co., LLC*, 2010 U.S. Dist. LEXIS 866, at *7, [WL] (citing 33 V.I.C. § 3408(a)).

The "Government of the Virgin Islands" is defined in § 3401 of Title 33 as follows:

> "Government of the Virgin Islands" includes the executive, legislative, and judicial branches of the Government of the Virgin Islands, *agencies and instrumentalities of the Government of the Virgin Islands*, and Governing Boards and Commissions of the Government of the Virgin Islands, including but not limited to the Virgin Islands Government Hospitals and Health Facilities Corporation, but does not include any contractor with the Government of the Virgin Islands.

33 V.I.C. § 3401 (emphasis added).

Having briefly presented the relevant provisions of the VITCA, the Court will proceed to apply the rules of construction mandated under title 30, section 122. The threshold issue then becomes whether the Legislature has either specifically included WAPA, or generally included WAPA, as an independent instrumentality within the definition of the "Government of the Virgin Islands,"

### 1. Applicability to WAPA Specifically

■ WAPA readily concedes that there is absolutely no language in the VITCA that can be construed to make its reach applicable to WAPA

232

specifically. The Court finds that the Legislature has not made any specific reference to have WAPA included under title 33, section 3401, within the definition of the Government of the Virgin Islands. Consequently, under the pertinent title 30, section 122 analysis the VITCA can not be held to be applicable to WAPA specifically.

## 2. Applicability to Independent Instrumentalities Generally

As to the applicability of the VITCA to WAPA generally — as an independent instrumentality — WAPA contends that amendments in 1999 to the VITCA were clearly intended by the Legislature to bring *all* instrumentalities including *independent* instrumentalities under the protections of the VITCA. This Court, in its prior opinion, erroneously agreed. Further review of the 1999 amendments plainly dictates a contrary result.

Section 3401 was amended on May 14, 1999. Prior to the 1999 Amendment, § 3401 read:

> "Department" includes the executive, the executive, legislative, and judicial branches of the Government of the Virgin Islands, *agencies and instrumentalities of the Government of the Virgin Islands*, and Governing Boards and Commissions of the Government of the Virgin Islands, including but not limited to the government Hospital Facilities Boards, but does not include any contractor with the Government of the Virgin Islands.

33 V.I.C. § 3401 (1986) (emphasis added).

As the District Court aptly observes in *De La Cruz*, the only changes from the 1986 version to the amendments in 1999 was that the word "Department" was replaced with the phrase "Government of the Virgin Islands," and "government Hospital Facilities Board" was replaced with the phrase "Virgin Islands Government Hospitals and Health Facilities Corporation" (hereafter "VIGHHFC" or "Corporation"). *De La Cruz*, at *17.

This Court additionally notes that simultaneous to those amendments of 1999 expressly relating to the "VIGHHFC," the Legislature also amended the Corporation's enabling legislation enacted in 1994. It did so in order to add a proviso clause to its power *to sue and be sued clause*, to read as follows: "Provided That, the Corporation may report any

individual to the Credit Bureau and may file a civil action although the Government may owe the individual income tax refunds or retroactive payments notwithstanding the provisions of Act No. 6190 § 5." *See* 1999 V.I. Sess. 8, 9 (Act 6279) and 19 V.I.C. § 244(a).

Certainly, in 1999, in order to unequivocally bring the VIGHHFC under the protections of VITCA, the Legislature clearly found it necessary to **expressly include** the "Virgin Islands Government Hospitals and Health Facilities Corporation" to the VITCA's definition of the "Government of the Virgin Islands." Critically, the Legislature did so even though there was already *express* statutory language — since 1994 at the time of the Corporation's inception — in title 19, 244(a) suggesting that the prerequisites of the VITCA may be applicable to the Corporation. Section 244(a) specifically provides that the V.I. Government Hospitals and Health Facilities Corporation *shall have the power to "sue and be sued subject to the limitations and requirements of existing law applicable to the Government of the Virgin Islands."* See 19 V.I.C. § 244(a) (emphasis added). Most tellingly, the Legislature proceeded to do so in spite of the fact that the VITCA's 1999 definition, under title 33, section 3401, had simultaneously deleted "Department" and inserted the "Government of the Virgin Islands" in lieu thereof. This is significant, because the language *"agencies and instrumentalities* of the Government of the Virgin Islands." would have — following WAPA's statutory logic — necessarily included the VIGHHFC without having to expressly draft "VIGHHFC" into the definition contained in section 3401. Consequently, the fact that the Legislature went to the extent of *expressly* making the VITCA *specifically applicable to the VIGHHFC* demonstrates quite clearly that the Legislature itself when referring in title 33, section 3401 to "agencies and instrumentalities of the Government of the Virgin Islands" does not construe such as automatically extending VITCA's protections to *independent instrumentalities in general.* This is so, because the Legislature after exercising very cautious efforts in 1980 to narrowly restrict WAPA's as well as other independent instrumentalities' broad exemption from the applicability of other inconsistent laws to strictly those instances where the law is made *"generally applicable to independent instrumentalities of the Government of the Virgin Islands"* obviously cannot be found now to logically or reasonably construe the much broader term of *agencies and instrumentalities of the Government*

*of the Virgin Islands* " as including *independent instrumentalities. See* 1980 V.I. Sess. 12 (Act 4407).

■ Hence, in light of this legislative history, and specifically as it relates to title 30, section 122, the Court finds that the 1999 Amendments were not intended to generally extend the protections of the VITCA to independent instrumentalities. Moreover, the Court does not find any other language in the VITCA that can be remotely construed to generally extend the applicability of the VITCA to independent instrumentalities.

## III. CONCLUSION

■ For the reasons stated above, this Court concludes that title 30, section 122, cannot be used to extend the protections of the VITCA to WAPA, because the VITCA does not apply specifically to WAPA, or generally to independent instrumentalities of the Government of the Virgin Islands. Therefore, this Court has jurisdiction over Plaintiff's tort claims filed against WAPA.