**HARRIET A. MERCER, Appellant/Petitioner**
**v.**
**ALBERT BRYAN, JR., COMMISSIONER OF THE V.I. DEPARTMENT**
**OF LABOR, and THE V.I. DEPARTMENT OF LABOR,**
**Appellees/Respondents**

S. Ct. Civ. No. 2009-0108

Supreme Court of the Virgin Islands

June 18, 2010

HARRIET A. MERCER, *Pro se*, St. Thomas, USVI.

RICHARD S. DAVIS, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(June 18, 2010)

HODGE, C.J. Appellant Harriet A. Mercer (hereafter "Mercer") requests that this Court reverse the Superior Court's September 21, 2009 Opinion and Order and re-instate her petition for a writ of review, which the Superior Court dismissed for lack of jurisdiction on the basis that it was untimely filed. For the following reasons, we will affirm the Superior Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2006, Mercer was suspended by her employer — the Ritz-Carlton Hotel on St. Thomas — for allegedly sleeping on duty

without first advising her manager. After conducting an investigation, the Ritz-Carlton terminated Mercer's employment on November 1, 2006 on the ground that Mercer had violated its standards of conduct.

Mercer filed a claim for unemployment insurance shortly thereafter, which the Department of Labor (hereafter "DOL") denied in a November 29, 2006 Order. On November 14, 2006, Mercer also filed a wrongful discharge claim, which the DOL dismissed in a January 8, 2007 Order. However, on June 20, 2008, Mercer filed a motion with the DOL to rescind the dismissal of both claims. In an Order dated August 8, 2008, the Commissioner of the DOL denied Mercer's motion to rescind, affirmed the January 8, 2007 Order declining to hear her wrongful discharge complaint, and refused to address her unemployment insurance claim on the basis that the denial of unemployment benefits should have been appealed to the proper forum rather than joined with her wrongful discharge action. However, the DOL did not mail this Order to Mercer until September 5, 2008, with Mercer not receiving the Order until September 15, 2008, even though the United States Postal Service left a notice for her on September 8, 2008. In addition to mailing a copy of the notice to Mercer, the DOL emailed Mercer a copy of the Order on September 4, 2008.[1]

Mercer filed a petition for writ of review of the DOL's Order on October 14, 2008, which the DOL moved to dismiss for lack of jurisdiction on December 2, 2008. Mercer filed an opposition to the DOL's motion on December 22, 2008. The Superior Court held a hearing on the motion to dismiss on August 25, 2009, in which both Mercer — who appeared *pro se* — and the DOL presented arguments. In an Opinion and Order entered on September 21, 2009, the Superior Court granted the DOL's motion to dismiss and dismissed Mercer's action for lack of subject matter jurisdiction because Mercer's petition was untimely filed pursuant to title 24, section 70(a) of the Virgin Islands Code. Mercer filed her notice of appeal on October 27, 2009.

---

[1]     Although Mercer's petition for writ of review and her hearing testimony state that the email was sent on September 8, 2008, the email itself — which was not included in the joint appendix, but was attached as "Exhibit D" to Mercer's petition for writ of review — indicates that it was sent on September 4, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a) (1997). Since the Superior Court entered its order dismissing Mercer's action on September 21, 2009, and Mercer's notice of appeal was filed on October 27, 2009, the notice of appeal was timely filed. *See* V.I.S.CT.R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from; but if the Government of the Virgin Islands or an officer or agency thereof is a party, the notice of appeal may be filed . . . within sixty days after such entry.").

The standard of review for this Court's examination of the Superior Court's application of law is plenary. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). This Court reviews the trial court's findings of fact for clear error. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008). Plenary review is appropriate when considering the Superior Court's subject matter jurisdiction determination. *Id.*

### B. The Superior Court Lacked Subject Matter Jurisdiction Over Mercer's Petition

Although Mercer asserts between nine and twelve arguments in her *pro se* appellate brief,[2] virtually all of these arguments relate to the single issue of whether the Superior Court erred when it dismissed Mercer's petition for writ of review for lack of subject matter jurisdiction on the ground that it was untimely filed.[3] Because the DOL order which was the subject of Mercer's petition for writ of review arose from Mercer's

---

[2]    In her table of contents, Mercer identifies nine "arguments" on appeal. (Appellant's Br. at 2.) However, in a section titled "Issues Presented for Review," Mercer asks that this Court review twelve issues. (Appellant's Br. at 5-6.)

[3]    In addition to her arguments relating to the Superior Court's jurisdiction, Mercer contends that the initial DOL decision finding that she had engaged in misconduct was erroneous. (Appellant's Br. at 8.) However, because we conclude that the Superior Court lacked jurisdiction to consider Mercer's untimely petition for writ of review, it is not necessary or proper for this Court to consider the correctness of the DOL's findings.

wrongful discharge claim against the Ritz-Carlton, the time for seeking a writ of review is governed by section 70 of title 24, which provides that "[a]ny person aggrieved by a final order of the Commissioner granting or denying in whole or in part the relief sought may obtain a review of such order by filing in the Superior Court . . . *within 30 days of its issuance*, a written petition praying that such decision of the Commissioner be modified or set aside." 24 V.I.C. § 70(a) (emphasis added).[4]

■■■■ "When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore a petition filed out of time deprives the court of jurisdiction to entertain the appeal." *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450 (V.I. 2008) (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007)). This Court has recently explained that this same principle applies to petitions for writ of review sought pursuant to section 70(a):

> Here, as in *Pichardo*, a statute requires that a Petition for Writ of Review of a final DOL order be filed "within 30 days of its issuance." 24 V.I.C. § 70.
>
> Accordingly, neither this Court nor the Superior Court may allow this thirty-day period to begin on the date WWFS purportedly received the order in lieu of the date the DOL issued that order.

*Worldwide Flight Services v. Gov't*, 51 V.I. 105, 109 (V.I. 2009). In *Worldwide Flight Services*, this Court also determined the meaning of the phrase "30 days of its issuance" found in section 70(a):

> Likewise, we are not persuaded by WWFS's contention that applying *Pichardo* to these facts would effectively give the DOL power to deny review of its decisions by refusing to serve its orders until after the statutory time period for seeking review expires, for WWFS's argument is based on a misreading of section 70 of title 24. That statute states, in pertinent part, that one "may obtain a review of such order . . . within 30 days of its *issuance*." 24 V.I.C. § 70(a) (emphasis added).

---

[4] At the August 25, 2009 hearing, the trial judge repeatedly stated that 24 V.I.C. § 457(a) — which is applicable only to DOL orders pertaining to employment discrimination complaints — governed Mercer's petition for writ of review. (H'rg Tr. at 33.) While the Superior Court corrected this error in its September 21, 2009 Opinion and Order, we note that Mercer's petition would also be untimely under section 457(a) since that statute, like section 70(a), expressly requires that a petition for writ of review be filed "within 30 days of its issuance."

Though the statute does not define the term "issuance," Black's Law Dictionary states that the verb "issue" means "to send out or distribute officially." BLACK'S LAW DICTIONARY 850 (8th ed. 2004). Other courts, when faced with similar statutes and facts, have held that "issuance" of an order occurs on the day the order is served. *See Erickson v. Idaho Bd. of Registration and Prof'l Eng'rs*, No. CV 2006-5256, 2006 WL 3628105, at *7 (Idaho Dist. 2006); *D.F.C. v. Minnesota Comm'r of Health*, 693 N.W.2d 451, 453-54 (Minn. Ct. App.2005); *see also Mining Energy v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 575 (4th Cir. 2004). Thus, applying *Pichardo* to this case will not result in the DOL obtaining the power to deny, at its discretion, a litigant's right to seek review of a DOL order, because the thirty-day deadline does not begin to run until after service is effectuated.

*Id.* Accordingly, pursuant to this Court's decision in *Worldwide Flight Services*, the DOL's Order, although dated August 8, 2008, was — at the latest[5] — "issued" on September 5, 2008, the date it was mailed to Mercer. Therefore, as the Superior Court correctly noted, Mercer's October 14, 2008 petition for writ of review was untimely.[6]

---

[5] We note that the record reflects that the DOL emailed its order to Mercer on September 4, 2008. Although Mercer contends in her appellate brief that September 4, 2008 cannot be the day of issuance because she did not consent to electronic service, it is not necessary for this Court to determine at this time whether emailing a DOL order to a litigant constitutes "issuance" of that order because Mercer's petition for writ of review would have been untimely filed regardless of whether issuance occurred on September 4, 2008 or September 5, 2008.

[6] In her appellate brief, Mercer argues that the DOL's Order was issued on August 8, 2008 because that is the date that the Order was dated. It is unclear why Mercer has argued this position on appeal, given that it is less favorable than the date selected by the trial court pursuant to this Court's decision in *Worldwide Flight Services*. However, as this Court indicated in *Worldwide Flight Services*, both the definition of "issue" used in Black's Law Dictionary, as well as the decisions of other courts interpreting similar statutes, are consistent with holding that issuance of an order is synonymous with service of the order, regardless of the date the order was signed by the Commissioner of the DOL. Significantly, as this Court also observed in *Worldwide Flight Services*, requiring the thirty-day period for filing a petition of writ of review to run from the date of service rather than the date the order is signed prevents "the DOL obtaining the power to deny, at its discretion, a litigant's right to seek review of a DOL order, because the thirty-day deadline does not begin to run until after service is effectuated." *Worldwide Flight Services*, 51 V.I. at 109.

■ In her *pro se* brief, Mercer articulates four arguments as to why the Superior Court, notwithstanding this Court's decision in *Worldwide Flight Services*, should not have dismissed her petition for writ of review. First, Mercer argues that the Superior Court should not have considered the DOL's motion to dismiss because it was filed almost two months after Mercer initiated her action for a writ of review, which is outside the twenty day period for entering an appearance and filing a responsive pleading pursuant to Superior Court Rule 32 and the version of Federal Rule of Civil Procedure 12(a) in effect at the time the Superior Court considered Mercer's petition.[7] However, it is well-established that a party may file a motion to dismiss for lack of subject matter jurisdiction at any time during the pendency of an action. *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 189 (V.I. 2009) (contrasting motions to dismiss for lack of subject matter jurisdiction and motions to dismiss for failure to state of claim); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphases added). Accordingly, the fact that the DOL's motion to dismiss was untimely filed did not preclude the Superior Court from considering the motion or otherwise assessing its own jurisdiction to hear the matter.

■ ■ Additionally, Mercer contends that because this Court did not issue *Worldwide Flight Services* until January 21, 2009 — three months after she filed her petition for writ of review — the Superior Court erred when it applied that decision retroactively to her case. However, it is well-established that when an appellate court "decides a case and applies the (new) legal rule of that case to the parties before it, then . . . it and other courts must treat that same (new) legal rule as 'retroactive,' applying it . . . to all pending cases, whether or not those cases involve predecision events." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752, 115 S. Ct. 1745, 131 L. Ed. 2d 820 (1995) (citing *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517, 125 L. Ed. 2d 74 (1993)). Furthermore, although this Court had not decided *Worldwide Flight Services* at the time Mercer filed her petition for writ of review, it had already held in *Pichardo* — issued on May 27, 2008 — that statutorily-mandated time limits for filing a petition for writ of review are

---

[7] Effective December 1, 2009, Federal Rule of Civil Procedure 12(a) was amended to increase the time for filing a responsive pleading to twenty-one days.

jurisdictional and cannot be equitably modified by a court. Thus, the Superior Court correctly applied both *Worldwide Flight Services* and *Pichardo* to Mercer's petition for writ of review.

■ Moreover, Mercer argues that section 70(a) itself does not govern her action because the general writ of review statute — codified as 5 V.I.C. §§ 1421-23[8] — and Superior Court Rule 15(a)[9] also authorize a litigant to file a petition for writ of review with the Superior Court. However, as this Court also noted in *Worldwide Flight Services*, "[t]itle 5, section 1421 *et seq.* of the Virgin Islands Code authorizes writs of review pursuant to Superior Court Rule 15(a) in cases where 'there is no appeal or other plain, speedy, and adequate remedy.'" 51 V.I. at 109, n.1 (quoting 5 V.I.C. § 1422). Therefore, "[b]ecause section 70 of title 24 authorizes an aggrieved party to file a petition for writ of review of a DOL wrongful

---

[8]    These statutes provide, in full, as follows:

Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed.

5 V.I.C. § 1421.

The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.

5 V.I.C. § 1422.

Upon the review provided for in this chapter the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and, if necessary, to award restitution to the plaintiff, or, by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the district court on review an appeal may be taken in like manner and with like effect as from a judgment of such district court in a civil action.

5 V.I.C. § 1423.

[9]    This rule provides, in pertinent part:

A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein.

SUPER. CT. R. 15(a).

discharge determination, and does not incorporate the Superior Court's rules for writ of review by reference, the time limits of Rule 15(a) are not implicated in this matter." *Id. See also Bryan v. Ponce*, 51 V.I. 239, 245-46 (V.I. 2009) (contrasting general writ of review statute with writ of review authorized by 24 V.I.C. § 306); *Pichardo*, 49 V.I. at 450 (contrasting general writ of review statute with writ of review authorized by 24 V.I.C. § 457). Consequently, neither the general writ of review statute codified in title 5 nor Superior Court Rule 15 have any applicability to Mercer's petition for writ of review.

■ Finally, Mercer contends that the Superior Court should have construed her December 22, 2008 opposition to the DOL's motion to dismiss as a motion for an extension of time to file a petition for writ of review. However, as this Court explained in *Pichardo*, "courts are without authority to apply equitable principles to disregard the time limits established by statute for prosecuting appeals," and thus a "legislatively-mandated thirty-day time limit from the date of issuance is jurisdictional and may not be equitably modified by courts." 49 V.I. at 450 (citing *Bowles*, 127 S. Ct. at 2366). Consequently, even if the Superior Court could have construed Mercer's opposition as a motion for an extension of time, it would have lacked the power to grant such an extension given section 70(a)'s express requirement that a litigant file a petition for writ of review within thirty days of its issuance by the DOL.

## III. CONCLUSION

Because the DOL issued its order, at the latest, on September 5, 2008, yet Mercer did not file her petition for writ of review until October 14, 2008, the Superior Court correctly held that it lacked subject matter jurisdiction to consider Mercer's petition because Mercer did not file it within thirty-days of issuance as mandated by 24 V.I.C. § 70(a). Accordingly, this Court affirms the Superior Court's September 21, 2009 Opinion and Order.