

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2003

# Gaur v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 01-2988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Gaur v. Atty Gen USA" (2003). *2003 Decisions.* Paper 667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2988

SHARAD K. GAUR,
                                                Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,
                                                Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A41-364-514)

Argued February 27, 2003
Before:  SCIRICA, GREENBERG and GIBSON*, Circuit Judges

(Filed: April 4, 2003)

MARK T. KNAPP, ESQUIRE (ARGUED)
Reed Smith
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219

        Attorney for Petitioner

─────────────────

    *The Honorable John R. Gibson, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

JEFFREY J. BERNSTEIN, ESQUIRE (ARGUED)
United States Department of Justice
Office of Immigration Litigation
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

MICHAEL P. LINDEMANN, ESQUIRE
LYLE D. JENTZER, ESQUIRE
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

AUGUST E. FLENTJE, ESQUIRE
United States Department of Justice
Civil Division, Appellate Staff
601 D Street, N.W., Room 9543
Washington, D.C. 20530

       Attorneys for Respondent

---

OPINION OF THE COURT

---

SCIRICA, <u>Circuit</u> <u>Judge</u>.

Petitioner Sharad K. Gaur, a native and citizen of India, petitions for review of a final

decision of the Board of Immigration Appeals, affirming the denial of Gaur's request for a

hardship waiver pursuant to section 216(c)(4)(B) of the Immigration and Nationality Act, 8

U.S.C. § 1186a(c)(4)(B) (West 1999).  Because Gaur's deportation proceedings were

commenced before April 1, 1997 and the decision of the Board was issued after October

30, 1996, our jurisdiction arises under former INA section 106(a)(1), 8 U.S.C. §

2

1105a(a)(1), as modified by the transitional rules of section 309(c)(4)(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Those rules provide for a 30 day appeal period.

We will dismiss the petition for review for lack of appellate jurisdiction as untimely filed. Gaur's petition for review had to have been filed not later than 30 days after the September 13, 2000 Board decision. Gaur's petition for review was filed in this Court several months past the deadline on July 26, 2001. The time limit for filing a petition for review under the Immigration and Nationality Act is mandatory and jurisdictional; it is not subject to equitable tolling. See Martinez-Serrano v. Immigration & Naturalization Serv., 94 F.3d 1256, 1258 (9th Cir. 1996) (applying former INA section 106(a)(1), 8 U.S.C. § 1105a(a)(1)). See also Malvoisin v. Immigration & Naturalization Serv., 268 F.3d 74, 75 (2d Cir. 2001) (thirty day appeal period of permanent rules, 8 U.S.C. § 1252(b)(1), is mandatory and jurisdictional).

Furthermore, the order issued on June 28, 2001 by a United States District Judge for the Western District of Pennsylvania in Gaur v. Immigration & Naturalization Serv., et al., D.C. Civ. No. 01-cv-01193, releasing Gaur from immigration custody and granting him a stay of deportation pending "any further appeal of the Board of Immigration Appeals decision dated September 13, 2000 as provided or allowed in law" did not operate to extend the time to file a petition for review either by its own terms or pursuant to the Federal Rules of Appellate Procedure. In particular, Rule 26(b) does not authorize extensions of time to file a petition for review from an agency decision. Cf. Nahatchevska v. Ashcroft,

3

317 F.3d 1226 (10ᵗʰ Cir. 2003) (per curiam) (Federal Rule of Appellate Procedure 26(c) does not apply to extend time for filing petition for review).

Gaur did not have actual notice of the Board's decision in time to file a petition for review. He contends that the Board should have known that his attorney of record might have moved to a different address during the nine years in which his appeal to the Board was pending, and that a Board representative should have telephoned the attorney to update his address, or should have sent the decision by certified mail. Because the Board did not do so, Gaur argues, he had 30 days from the date of actual notice to file his petition for review.

This argument lacks merit. The Ninth Circuit recently held in Singh v. Immigration & Naturalization Serv., 315 F.3d 1186 (9ᵗʰ Cir. 2003), and we agree, that there are two situations in which petitions for review filed after the expiration of the time limit may nevertheless confer jurisdiction on a court of appeals. First, where there has been official misleading by the court or the Board as to the time within which to file the petition for review, and, second, where the Board has failed to comply with the applicable federal regulations. Id. at 1188. Gaur does not claim that anyone associated with the Board or with this Court misled him or his counsel as to the time within which to file a petition for review.

The Board, however, also did not fail to comply with the federal regulations. The applicable regulation provides that: "The decision of the Board shall be in writing and copies thereof shall be transmitted by the Board to the Service and a copy shall be served

4

upon the alien or party affected as provided in Part 292 of this chapter." 8 C.F.R. § 3.1(f) (2000). Section 292.5(a) provides for the decision to be mailed to the attorney of record if the individual is represented by counsel. 8 C.F.R. § 292.5(a). There is no dispute that Gaur was represented by counsel, and that the Board's decision was mailed to counsel at the address provided to the Board by counsel.

Thus, when the Board sent notice of its decision to the attorney of record at his last known address, it did what the federal regulations require. Singh, 315 F.3d at 1189 (distinguishing Martinez-Serrano, 94 F.3d at 1259). Counsel of record should have made the effort necessary to notify the Board of his change of address. Singh, 315 F.3d at 1190 (citing Lee v. Immigration & Naturalization Serv., 685 F.2d 343, 344 (9th Cir. 1982) (per curiam)). That the Board took nine years to decide the appeal, during which time an attorney might be expected to move his office (or might not), unfortunately is not relevant to the issue of whether the Board complied with the regulations.

Singh similarly involved a delayed decision by the Board. There, the Immigration and Naturalization Service commenced deportation proceedings against the petitioner in April 1992. Following the denial by an Immigration Judge of his application for asylum, the petitioner filed a timely pro se appeal to the Board. Six years later, in October 2000, the Board issued its decision affirming the IJ's decision. In accordance with the notice provisions of the federal regulations when the alien is unrepresented, the Board's decision was mailed to the petitioner's last known address of record. Because the petitioner had moved from that address, and his new attorney had not entered an appearance, neither he nor

5

his attorney received actual notice of the Board's decision until August 2001, by which time it was too late to file a petition for review. 315 F.3d at 1188. In Gaur's case, the INS commenced deportation proceedings against him in May 1990. The IJ denied relief, and counsel of record timely appealed the IJ's decision to the Board. Nine years later, in September 2000, the Board issued its decision affirming the IJ's decision, and the decision was mailed to the attorney of record, who had since relocated to a new office.

Gaur, however, is not without recourse. He has alleged in his reply brief that his former attorney was ineffective for failing to notify the Board of his new address when he relocated, apparently in November 1997. Guar may file a motion with the Board of Immigration Appeals to reopen removal proceedings on the basis of this claim. The Board has established a three-step procedure for establishing egregious ineffective assistance of counsel such that reopening removal proceedings would be justified and we have approved it. See Lu v. Ashcroft, 259 F.3d 127, 132-33 (3d Cir. 2001) (citing In re: Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)). First, the petitioner must file a motion supported by an affidavit attesting to the relevant facts. Second, former counsel must be informed of the allegations and provided with the opportunity to respond. Third, a complaint must have been filed with the disciplinary authorities of the state bar. If no complaint is filed, a reason must be given for that failure. We left open in Lu the question of what, in our view, would constitute a reasonable explanation for not filing a complaint. 259 F.3d at 134 n.4.

6

Guar states that he has complied with the first two requirements, but he has not filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania. He states that he should not have to file a complaint against someone who was only trying to help him, and that the Board should take some responsibility for the oversight in light of the fact that the case was stagnant for nine years. (Reply Brief, at 5-6.) We will not address this argument nor will we address any aspect of the ineffective assistance of counsel claim. We leave that to the Board of Immigration Appeals in the first instance. The Board recently indicated that it would follow Lu v. Ashcroft, 259 F.3d 127, and our flexible approach to the third Lozada requirement, for cases that arise in this circuit. See In re: Assaad, 23 I. & N. Dec. 553, 559 n.6 (BIA 2003) (en banc).

Pursuant to 8 C.F.R. § 3.2(c)(2), a motion to reopen must be filed with the Board not later than 90 days after the date on which the final administrative decision was rendered. The Board, however, retains limited discretionary power under 8 C.F.R. § 3.2(a) to reopen or reconsider cases sua sponte in unique situations where it would serve the interests of justice. The Board's sua sponte reopening powers are not intended as a "general cure for filing defects," In re: J-J-, 21 I. & N. Dec. 976, 984 (BIA 1997), but the problem presented here is not a run-of-the-mill filing defect.

We note that the Board recently invoked its power to sua sponte consider an untimely motion to reopen in In re: Assaad, 23 I. & N. Dec. at 555 n.4, where the petitioner's attorney missed the 30 day deadline for appealing the Immigration Judge's decision to the Board. Nearly three years after the IJ's decision, the petitioner, represented

7

by new counsel, sought reopening so that the IJ would reissue his decision in order for a timely appeal to the Board to be filed.[1]  The Board considered whether Lozada was still good law, concluded that it was, and held that an exception to the 30 day time limit for appealing a decision of an immigration judge can be granted on the basis of an ineffective assistance of counsel claim, but only where prejudice is shown.  The petitioner had not shown prejudice.  In re: Assaad, 23 I. & N. Dec. at 562.

Finally, we held in Chmakov v. Blackman, 266 F.3d 210 (3d Cir. 2001), that the federal district courts have habeas jurisdiction to consider a claim of ineffective assistance of counsel, because frustration of the right of a direct appeal to this Court of a final order of removal may render the immigration proceedings fundamentally unfair in violation of due process.  Id. at 216.  In Chmakov, the petitioners' attorney failed to file a petition for review in this Court.  However, a habeas petitioner in Gaur's circumstances would still have to exhaust administrative remedies with respect to the ineffective assistance of counsel claim by filing a motion to reopen with the Board prior to proceeding in federal district court.  See Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir. 2001) (to extent that Board provides available remedies as matter of grace, court is free to require exhaustion of such remedies under McCarthy v. Madigan, 503 U.S. 140 (1992)).

If Gaur moves to reopen the proceedings before the Board (whether or not he pursues a complaint with the state bar), and the Board invokes its power to sua sponte

---

[1]This is in essence what Gaur would be asking the Board to do here: reissue its decision so that a timely petition for review could be filed in this Court.

8

consider his untimely motion, it will be important for the Board before denying any motion to reopen, if it does, to detail its reasons for rejecting Gaur's claim of ineffective assistance of counsel in order to aid future appellate review. See Lu v. Ashcroft, 259 F.3d at 134 n.4.

We will dismiss the petition for review for lack of appellate jurisdiction.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge