**Toni TJITRO, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–4144–ag.

United States Court of Appeals, Second Circuit.

May 5, 2006.

* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Ronald S. Salomon, New York, New York, for Petitioner.

Tonya L. Shotwell, Special Assistant United States Attorney (Paul I. Perez, United States Attorney and Karin B. Hoppmann, Assistant United States Attorney, on the brief), Tampa, Florida, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Toni Tjitro petitions for review of a December 20, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the June 20, 2001, decision of an immigration judge ("IJ") denying Tjitro's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Tjitro argues that (1) the IJ's decision was not based on substantial evidence; (2) the IJ failed to consider all the evidence that was submitted; and (3) Tjitro has established a clear probability of persecution upon his return to Indonesia. We assume familiarity with the facts and procedural history.

When the BIA affirms an IJ's discretionary denial of an untimely application for asylum, we lack jurisdiction to review the agency's decision unless it raises constitutional claims or questions of statutory interpretation. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 150–55 (2d Cir.2006). In his petition, Tjitro presents no constitutional claims or questions of statutory interpretation. Tjitro's petition for review of the denial of his asylum application is therefore dismissed for lack of jurisdiction.

"A court may review a final order of removal only if ... the alien has exhausted all administrative remedies...." 8 U.S.C. § 1252(d)(1). Statutory exhaustion requirements are mandatory and jurisdictional. *Theodoropoulos v. INS,* 358 F.3d 162, 173–74 (2d Cir.2004). Tjitro failed to raise his claim for withholding of removal pursuant to the CAT before the BIA in either his notice of appeal or in his brief. This claim is thus waived and we have no

jurisdiction to review it. That portion of Tjitro's petition relating to his request for withholding of removal pursuant to the CAT is therefore also dismissed for lack of jurisdiction.

The government argues that Tjitro's petition for review, filed on January 22, 2003, was not timely filed, and this court thus also lacks jurisdiction to review his withholding of removal claim. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."). The BIA order was dated December 20, 2003, but was not mailed until December 23, 2003. Thus, Tjitro's petition for review was timely if the 30–day period runs from the date of mailing but untimely if it runs from the date of entry of the order under review. Interpreting an earlier version of the INA, this court held that the relevant period runs from the date of mailing, not the date the order was entered. *Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir.1994) (per curiam) (interpreting 8 U.S.C. § 1105a(a)(1) (1994)) ("[A] petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order."). We need not decide if the same is true under the current version of the INA, because even if Tjitro's petition was timely, the IJ did not err in denying Tjitro's application for withholding of removal.

▋ To be eligible for withholding of removal, a petitioner must establish that it is more likely than not that he will be persecuted because of his race, religion, nationality, membership in a particular social group, or political opinion if returned to the country of removal. 8 C.F.R. § 208.16(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). If a petitioner has suffered past persecution, a rebuttable presumption of a threat to life or freedom in the future is established. 8 C.F.R. § 208.16(b)(1). Where, as here, the BIA has affirmed an IJ's decision without opinion, we may review the IJ opinion directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). The IJ found that Tjitro had not suffered past persecution nor had he established by a clear probability that his life or freedom would be threatened if he returned to Indonesia. To qualify as persecution, mistreatment must rise above mere harassment and discrimination. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). The IJ therefore did not err in determining that Tjitro's experiences witnessing ethnic riots and being the victim of one violent robbery fail to rise to the level of past persecution. Nor did he err in finding that these same experiences, even combined with the background information regarding the treatment of Chinese and non-Muslims in Indonesia, did not establish that it is more likely than not that Tjitro would be persecuted if he were to return to Indonesia.

Finally, Tjitro's contention that the IJ failed to consider Tjitro's religion as a basis for possible future persecution is incorrect. The IJ both noted that Tjitro is a Buddhist and discussed his religious practices in his decision. Because "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 434 F.3d at 159 n. 13, there is no basis to conclude that the IJ failed to consider the evidence of Tjitro's religion in making his decision.

We have carefully considered Tjitro's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the peti-

tion for review is **DISMISSED** in part and **DENIED** in part.