In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-1386

SALVADOR TAPIA LEMOS,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of Orders of the
Department of Homeland Security

SUBMITTED MARCH 4, 2011—DECIDED APRIL 7, 2011

Before EASTERBROOK, *Chief Judge*, and COFFEY and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Salvador Tapia Lemos, a
citizen of Mexico, was ordered removed to his native
country in 1997 following his convictions for obstruc-
tion of justice and failing to report an accident (that
is, being a hit-and-run driver). He reentered the United
States without inspection or the Attorney General's
permission. He was caught in June 2010 and removed
again. He promptly returned, again in secret. When he

was caught in October 2010, the Department of Homeland Security reinstated the 1997 removal order, see 8 U.S.C. §1231(a)(5), and proposed to remove Tapia for a third time. On December 9, 2010, through counsel, Tapia asked the Department to stay his removal and rescind the 1997 order, which, Tapia contended, was improper. He contends that his convictions were not for "aggravated felonies." His counsel cited *Matter of Espinoza-Gonzalez*, 22 I.&N. Dec. 889, 897 (BIA 1999), and *Matter of Joseph*, 22 I.&N. Dec. 799, 801 (BIA 1999), both of which post-date the 1997 removal order. Counsel asked the Department to institute fresh removal proceedings so that Tapia could present legal arguments that he had not advanced in 1997.

Believing that stealthy reentry is not a proper means to contest the validity of a removal order—and that Tapia's principal obstacle is his lack of any claim of entitlement to be in the United States, whether or not his felonies are "aggravated"—the Department of Homeland Security denied the motion for a stay of removal and decided to leave the reinstated removal order in force. Tapia then filed a petition for review in this court.

Reinstatement of an old removal order is reviewable in a court of appeals under 8 U.S.C. §1252. *Gomez-Chavez v. Perryman*, 308 F.3d 796, 801 (7th Cir. 2002). But our jurisdiction depends not only on the existence of a final removal order but also on a timely petition for review, which must be filed within 30 days of the removal order. 8 U.S.C. §1252(b)(1). This limit is jurisdictional, not subject to extension on equitable grounds.

*Stone v. INS*, 514 U.S. 386 (1995). The Attorney General has asked us to dismiss Tapia's petition: the order of removal was reinstated on November 1, 2010, yet the petition was not filed until February 16, 2011, more than 100 days later.

Tapia has two replies. The first is that the time does not start until the alien is *served* with the order—which, Tapia maintains, did not occur until some time in January 2011. There are multiple problems with this contention. The language of the statute is one. Section 1252(b)(1) says that the 30 days runs from "the date of the final order of removal." We wrote in *Nowak v. INS*, 94 F.3d 390, 392 (7th Cir. 1996), that the statute means what it says: the time runs from the date on the face of the order, not on the date it is received. Tapia asks us to overrule *Nowak* and to hold, as some other circuits have done, that the time runs from the order's receipt rather than its entry. See *Villegas de la Paz v. Holder*, 614 F.3d 605, 607–08 (6th Cir. 2010) (collecting cases). We are skeptical, and not only on linguistic grounds. *Stone* analogized a petition for review of a removal order to a notice of appeal from the decision of a district court. Both time limits are jurisdictional. See *Bowles v. Russell*, 551 U.S. 205 (2007). And the time to appeal a district court's order begins when the order is entered on the court's docket, not when the litigant or counsel receives a copy by mail. Fed. R. App. P. 4(a)(7). It is hard to see why §1252(b)(1) should be treated differently.

But we need not give a definitive answer today, because Tapia received the order on November 1. His

signature is on the order; so is his thumbprint. Perhaps the Department did not "serve" the order in the sense of mailing an additional copy, but that was not necessary when the order was issued in the alien's presence. And whether or not his lawyer enjoyed formal service by mail, counsel had actual knowledge no later than December 9, 2010, the date on which counsel filed the motion to stay removal and vacate the order's reentry. A lawyer who has actual knowledge of a removal order is not well placed to contend that lack of service defers any need to file a petition for removal. So even if we assume that counsel acquired knowledge on December 9, 2010, and that time starts with knowledge (as opposed to the order's issuance), the petition for removal is still untimely. It was filed 68 days after December 9, 2010.

Tapia has a second line of argument—that although denying a motion for a stay, and declining to vacate the 1997 order and start over, is not itself a removal order, cf. *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439 (7th Cir. 2007), it amounts to the denial of a motion to reopen removal proceedings, and thus is amenable to judicial review. See *Kucana v. Holder*, 130 S. Ct. 827 (2010). This order was entered on January 18, 2011, and Tapia contends that the petition filed on February 16 thus is timely.

It is hard to see how the order of January 18 could be classified as one denying reopening. Tapia did not ask the agency to reopen the decision made in 1997. The word "reopen" does not appear in his request. Motions to reopen must be filed within 90 days of the final administrative decision, 8 U.S.C. §1229a(c)(7)(C)(i), a time

that expired more than a decade ago. What counsel asked for in December 2010 was (a) a stay of removal; (b) the rescission of the 2010 decision to use the 1997 order as the basis for another removal; and (c) the commencement of a new removal proceeding. In other words, Tapia wanted the agency not to execute an outstanding order of removal and instead to begin proceedings that could lead to another (or to none). Yet administrative decisions "to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter" are not reviewable. 8 U.S.C. §1252(g). See also *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) (explaining the effect of §1252(g)).

Because Tapia did not file a timely petition to review the order of November 1, 2010, and the order of January 18, 2011, is not reviewable as either a removal order or the denial of a motion to reopen the 1997 removal order, we dismiss the petition for want of jurisdiction.