**PUBLIC EMPLOYEES RELATION BOARD, GOVERNMENT OF THE VIRGIN ISLANDS, and VIRGIN ISLANDS WASTE MANAGEMENT AUTHORITY, Appellants/Respondents**

**v.**

**UNITED INDUSTRIAL WORKERS-SEAFARERS INTERNATIONAL UNION, Appellee/Petitioner**

S. Ct. Civil. No. 2010-0099, Consolidated Cases: S. Ct. Civil No. 2010-0099, S. Ct. Civil No. 2011-0001

Supreme Court of the Virgin Islands

March 5, 2012

LARRY RAYMOND-ROY, ESQ., Legal Counsel to Public Employees Relation Board, St. Croix, USVI, *Attorney for Appellant Public Employees Relation Board.*

ROBERT A. MOLLOY, ESQ., SIGRID M. TEJO-SPROTTE, ESQ., Assistant Attorneys General, St. Thomas, USVI, *Attorneys for Appellant Virgin Islands Waste Management Authority.*

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 5, 2012)

HODGE, *Chief Justice*. Appellants Public Employees Relation Board ("PERB") and the Virgin Islands Waste Management Authority ("VIWMA") both appeal from the Superior Court's December 13, 2010 Order reversing PERB's April 28, 2010 Order that dismissed an unfair labor practice charge filed by the United Industrial Workers-Seafarers International Union ("UIW-SIU") against the VIWMA and also vacated a decision in a different PERB case that scheduled an election for a new exclusive bargaining representative. For the reasons that follow, we vacate the December 13, 2010 Order because the UIW-SIU filed an untimely petition for writ of review and direct the Superior Court, on remand, to enter summary judgment enforcing PERB's April 28, 2010 Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2004, Act No. 6638 went into effect, which created the VIWMA as an independent autonomous authority that would perform solid waste and wastewater management services. In addition to establishing the VIWMA, Act No. 6638 transferred several employees from the Department of Public Works ("DPW") — which used to perform those functions — to the VIWMA. Before this transfer, the UIW-SIU had been certified as the exclusive bargaining representative for all non-supervisory employees at the DPW. The VIWMA continued to recognize the UIW-SIU as the exclusive bargaining representative for these employees from the date of the transfer to June 19, 2009, when the VIWMA, through its executive director, notified the UIW-SIU that it would no longer recognize it as the exclusive bargaining representative and, effective with the pay period ending on May 23, 2009, would no longer deduct union dues on its behalf from employee pay checks. (J.A. 311.)

The UIW-SIU filed an unfair labor practice charge against the VIWMA with PERB on July 10, 2009, which requested that PERB order the VIWMA to recognize it as the exclusive bargaining representative, to remit the unpaid dues, and to recommence deducting union dues from employee pay checks. (J.A. 307-09.) PERB docketed the UIW-SIU's complaint as PERB-ULPC-09-60T, and held a hearing on the complaint on March 3, 2010. In an April 28, 2010 Order, PERB dismissed the unfair labor practice charge on the grounds that only PERB could certify a union as an exclusive bargaining representative for a set of government employees, and that the UIW-SIU had never submitted a petition for representation of the VIWMA's non-supervisory employees with PERB. (J.A. 202-04.)

The UIW-SIU filed a petition for writ of review with the Superior Court on May 19, 2010. The VIWMA filed a motion for summary judgment on June 2, 2010, which, in pertinent part, contended that the Superior Court lacked subject matter jurisdiction over the petition because it had been filed outside of the twenty-day period mandated by title 24, section 380 of the Virgin Islands Code. The Superior Court held a hearing on the VIWMA's motion on June 16, 2010, in which it orally held that the petition was timely filed because a provision in PERB's rules and regulations provided that PERB shall presume, when a document is served by mail, that notice is received three days from the date of issuance. (J.A. 170-73.) After conducting two additional hearings on September 14, 2010 and December 6, 2010, the Superior Court, in its December 13, 2010 Order, held that Act No. 6679, which amended Act No. 6638 and went into effect on August 12, 2004, had recognized that the DPW employees transferred to the VIWMA had been represented by a union, and that the UIW-SIU was therefore not required to seek certification from PERB. (J.A. 12-15.) Consequently, the Superior Court reversed PERB's April 28, 2010 Order, reinstated the UIW-SIU as the exclusive bargaining representative, directed the VIWMA to deduct union dues, and held that it would award costs and attorney's fees to the UIW-SIU once its counsel submitted an affidavit. (J.A. 15-16.) But in addition, the Superior Court vacated a PERB decision in a different case — docketed as PERB-DC-09-07 and PERB-RC-09-09 and subsequently consolidated — that scheduled an election for a new collective bargaining representative on the grounds that this case was "inextricably linked" to the UIW-SIU's unfair labor practice charge. (J.A. 916.)

The VIWMA and PERB, respectively, timely filed their notices of appeal on December 21, 2010 and January 4, 2011, which this Court docketed as S. Ct. Civ. No. 2010-0099 and S. Ct. Civ. No. 2011-0001. This Court, in a January 13, 2011 Order, consolidated the appeals.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). An order is considered to be "final" for purposes of this statute if it "ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment." *Williams v. People*, 55 V.I. 721, 727 (V.I. Sept. 12, 2011). Because the Superior Court's December 13, 2010 Order ended the litigation on the merits, it constitutes a final judgment; therefore, this Court possesses jurisdiction over this appeal.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Likewise, this Court exercises plenary review over questions relating to the Superior Court's subject matter jurisdiction. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008).

### B. Timeliness of Petition for Writ of Review

In its appellate brief, the VIWMA renews its argument that the Superior Court lacked subject matter jurisdiction because the UIW-SIU failed to file its petition for writ of review within the time mandated by statute:

> Any party aggrieved by any final order of the PERB made pursuant to section 379 of this chapter, may appeal to the Superior Court of the Virgin Islands for review of such order and shall name the PERB as a party respondent. An application for review must be filed within 20 days after the date of the final order. The rules of procedure of the Superior Court not inconsistent with this chapter shall govern the appeal proceeding. An application not filed in a timely manner shall en-

title the prevailing party to summary judgment enforcing the final order of the PERB.

24 V.I.C. § 380(a). Specifically, the VIWMA contends that the twenty-day period codified in section 380(a) is jurisdictional, and that the UIW-SIU, by waiting until May 19, 2010 to file its petition for writ of review of PERB's April 28, 2010 Order, missed the deadline for invoking the Superior Court's jurisdiction. The UIW-SIU, however, contends that (1) PERB Rule 361.3(B)[1] provided it with a three-day extension of time to file its petition for writ of review, and (2) although dated April 28, 2010, the UIW-SIU's counsel did not receive PERB's decision until May 3, 2010. (Appellee's Br. 11-12.)

As this Court has previously explained, "when a statute establishes a specific procedure for invoking the Superior Court's jurisdiction, the failure to follow that procedure deprives the Superior Court of its jurisdiction." *In re Guardianship of Smith*, 54 V.I. 517, 526 (V.I. 2010) (collecting cases). "As the United States Supreme Court has recently reiterated, a statute is 'jurisdictional' if 'it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction,' while a statute is 'claims-processing' if it 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times,' but do[es] not intend to limit a court's authority to hear a case." *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 611 (V.I. 2011) (quoting *Henderson v. Shinseki*, 562 U.S. ___, 131 S. Ct. 1197, 1202-03, 179 L. Ed. 2d 159 (2011)). "The distinction between jurisdictional and claims-processing rules, however, is not merely academic, for a claims-processing statute may be equitably tolled or judicially modified, while failure to comply with a jurisdictional statute can never be excused" and such failure may be invoked at any stage of the proceedings, even *sua sponte* by the court. *Id.* (citing *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007)).

To determine whether a requirement imposed by statute is jurisdictional or claims-processing, a court must consider whether that

---

[1] "[W]henever a party has the right or is required to do some act within a prescribed period of time, if the Board serves notice of such right or requirement by mail, the Board shall presume that the party received notice thereof three (3) days from the date of issuance of such order."

requirement "has long been understood to be jurisdictional." *Henderson*, 131 S. Ct. at 1205. As this Court has repeatedly held, "[w]hen the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue" and "therefore a petition filed out of time deprives the court of jurisdiction to entertain the appeal." *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450 (V.I. 2008) (citing *Bowles*, 551 U.S. at 214). *See also Mercer v. Bryan*, 53 V.I. 595, 599 (V.I. 2010); *Worldwide Flight Servs. v. Gov't of the V.I.*, 51 V.I. 105, 108-09 (V.I. 2009). However, we note that section 380 does not mandate dismissal as the remedy for an untimely petition for writ of review, but provides that "[a]n application not filed in a timely manner shall entitle the prevailing party to summary judgment enforcing the final order of the PERB." 24 V.I.C. § 380(a). In other words, section 380(a) appears to contemplate that the Superior Court would continue to possess some adjudicative authority — albeit greatly circumscribed — with respect to a petition brought under section 380 even if it has not been timely filed. Unfortunately, none of the parties have discussed the significance of this language in their briefs.

██ ██ In this case, we decline to determine whether the twenty-day filing period established in section 380(a) represents a jurisdictional or claims-processing rule. First, none of the parties have discussed the significance, if any, of the language in section 380(a) providing "summary judgment enforcing the final order of the PERB" as a remedy in lieu of dismissal, and we decline to determine — *sua sponte* and without briefing — the novel issue of whether the Legislature, by mandating a remedy other than dismissal, has transformed what would otherwise qualify as a jurisdictional limitations period into a claims processing rule. But even more importantly, the jurisdictional or non-jurisdictional nature of section 380(a) is irrelevant to the particular case before this Court, since both the VIWMA and PERB[2] properly challenged the timeliness of the UIW-SIU's petition for writ of review, and thus the Superior Court possessed

---

[2] In its appellate brief, the UIW-SIU emphasizes that PERB has not joined the VIWMA in arguing that its petition for writ of review was untimely. If true, whether section 380(a) is jurisdictional or is a claims-processing rule may have significance, since if section 380(a) were a claims-processing rule it is arguable that PERB may have waived its application by failing to assert its protections. However, at the June 16, 2010 hearing, PERB, through its counsel, informed the Superior Court that it agreed with the VIWMA that the UIW-SIU had filed an untimely petition for writ of review and requested that the Superior Court hold that it lacked jurisdiction over the matter. (J.A. 163.)

an obligation to enforce the timeliness requirement. *See Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.").

 Having determined that the outcome would remain the same regardless of whether section 380(a) codifies a jurisdictional or claims-processing rule, we must now ascertain whether or not the UIW-SIU timely filed its petition for writ of review. As a threshold matter, we hold that the Superior Court erred when it held that PERB Rule 361.3(B) extended the time for the UIW-SIU to file its petition for writ of review. First, Rule 361.3(B) expressly refers to the Board "serv[ing] notice of such right or requirement by mail," and then provides that "the Board shall presume that the party received notice . . . three (3) days from the date of issuance of such order." Moreover, as the VIWMA correctly notes in its reply brief, Rule 361.1, which is entitled "Statement of Purpose," provides that "[t]he purposes of the following rules and regulations are to implement the powers and duties of [PERB] and to govern the conduct of hearings and proceedings *before the Board.*" (Emphasis added). Thus, Rule 361.3(B) is clearly intended to govern situations in which PERB permits or requires a party to a PERB proceeding to file a document *with PERB* within a specified period of time, and would thus have no applicability to a petition for writ of review filed with the Superior Court.

 But even if we were to assume, despite the language of Rules 361.1 and 361.3(B), that PERB intended for Rule 361.3(B) to automatically extend the time to file a petition for writ of review with the Superior Court whenever a PERB decision is served by mail, "it is well established that administrative agencies may not enact regulations that contradict the plain language of their enabling statutes." *Francis v. People*, 54 V.I. 313, 319-20 (V.I. 2010) (citing *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 507 (3d Cir. 2009)). Since section 380 unambiguously provides that "[a]n application for review must be filed within 20 days after the date of the final order," 24 V.I.C. § 380(a), and does not vest PERB with the authority to enlarge this period through promulgating internal rules and regulations, interpreting Rule 361.3(B) to extend the time for filing a petition for writ of review from twenty days to twenty-three days whenever a decision is served by mail is clearly inconsistent with PERB's enabling legislation. Under these

circumstances, we hold that the fact that the April 28, 2010 Order was served by mail did not provide the UIW-SIU with an automatic three-day extension of time of the twenty-day limit set forth in section 380.

The UIW-SIU's second argument in favor of timeliness — that its counsel did not receive the April 28, 2010 Order until May 3, 2010 — represents a more difficult question. This Court, in the context of ascertaining the timeliness of petitions for writ of review of decisions rendered by the Department of Labor ("DOL") brought pursuant to section 70(a) of title 24, has held that it is the date the DOL serves its order — and not the date of the order itself — that triggers the period for filing a petition for writ of review.[3] *See Mercer*, 53 V.I. at 599; *Worldwide Flight Services*, 51 V.I. at 109. Section 70(a), however, expressly provides that a litigant file a petition for writ of review of a final DOL "within 30 days of its issuance," and this Court, in reaching its decision in *Worldwide Flight Servs.* — which formed the basis for the holding in *Mercer* — expressly relied on case law defining "issuance" of an order as the date the order is served. 51 V.I. at 109 (collecting cases). But in this case, the statute authorizing judicial review of PERB decisions explicitly states that the twenty-day period to file a petition for writ of review begins to run from "the date of the final order" without referencing issuance or service. 24 V.I.C. § 380(a).

██ We note that very few statutes in other jurisdictions tie the time to file a petition for writ of review to "the date of the final order." The most prominent statute that contains this language, however, is 8 U.S.C. § 1252(b)(1), which provides that a litigant seeking to challenge a decision of the Board of Immigration Appeals must file a petition for writ of review with the appropriate United States Court of Appeals within

---

[3] In its appellate brief, the UIW-SIU contends that, under these decisions, the time to file a petition for writ of review would run from May 3, 2010, the date its counsel purportedly received the April 28, 2010 Order. As explained above, decisions interpreting section 70(a) do not assist this Court's interpretation of section 380(a), given that the statutes contain significantly different language. However, this Court has expressly held that an order is "issued" on the date it is *mailed* by the agency, and not the date that the postal service actually delivers the letter to the litigant. *Mercer*, 53 V.I. at 599. Notably, while no evidence pertaining to the date of mailing was presented at the June 16, 2010 hearing, the UIW-SIU states in its brief that "[i]n this case, the final order . . . was dated *and mailed* to appellee, through his counsel, on April 28, 2010." (Appellee's Br. 11 (emphasis added).) Therefore, even if the date of "issuance" was somehow relevant to determining the timeliness of a petition brought under section 380(a), the time to file the petition still would not have run from May 3, 2010.

thirty days of "the date of the final order of removal." Significantly, most federal appellate courts to have interpreted this language have construed the phrase "the date of the final order" to mean the actual date of the order, and not the date the order was served on the parties. *Compare Lemos v. Holder*, 636 F.3d 365, 366-67 (7th Cir. 2011) ("Section 1252(b)(1) says that the 30 days runs from 'the date of the final order of removal.' . . . [T]he statute means what it says: the time runs from the date on the face of the order, not on the date it is received."), *and Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) ("Section 1252(b)(1) requires the filing of a petition for review within thirty days 'after the date of the final order of removal,' not thirty days after service of that order upon the parties . . . . We conclude that the petition for review must be dismissed for failure to timely invoke this court's jurisdiction.") (collecting cases), *and Gaur v. Ashcroft*, 65 Fed. Appx. 773, 774 (3d Cir. 2003) ("Guar argues[] he had 30 days from the date of actual notice to file his petition for writ of review. This argument lacks merit."), *with Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) ("The time limit for filing a petition for review begins to run when the BIA mails its decision, which is presumed to be the date indicated on the cover letter to the decision."). Notably, the *Yepremyan* court based its decision on a single case from that same court interpreting a predecessor statute — former 8 U.S.C. § 1105a(a)(1) — that differed from the present enactment by providing that a petition must be filed within a certain number of days from the date of "issuance" of the final order, and did not discuss the significance of the change in language. *See Tjitro v. Gonzales*, 179 Fed. Appx. 788, 790 (2d Cir. 2006) (observing, but not deciding, that replacement of "date of the issuance of the final deportation order" language in former 8 U.S.C. § 1105a(a)(1) with "date of the final order of removal" language in 8 U.S.C § 1252(b)(1) may have overruled prior case law holding that the period for filing a petition for writ of review of deportation orders ran from date of mailing rather than date of order).

 Based on the foregoing, we hold that the language "the date of the final order" in section 380(a) refers to the date of the order itself, and not the date the order was served on the parties.[4] Therefore, we vacate the Superior Court's December 13, 2010 Order, re-instate all of the PERB

---

[4] During oral argument in this matter, counsel for the UIW-SIU raised the possibility that, if this interpretation were adopted by the Court, PERB could effectively deprive a party of the

decisions that the Superior Court had disturbed through its ruling, and direct the Superior Court, on remand, to enter an order of summary judgment in favor of PERB and the VIWMA enforcing PERB's April 28, 2010 Order. Given our holding that the UIW-SIU filed an untimely petition for writ of review, we express no opinion as to the correctness of the Superior Court's interpretation of Act Nos. 6638 and 6679 or any of the other issues PERB and the VIWMA have raised on appeal.

## III. CONCLUSION

Since the twenty-day period for the UIW-SIU to file a petition for writ of review pursuant to section 380 began to run from April 28, 2010, the Superior Court should not have considered the petition on its merits but, instead, should have entered summary judgment in favor of PERB and the VIWMA. Accordingly, we vacate the December 13, 2010 Order because the UIW-SIU's May 19, 2010 petition had been untimely filed, re-instate PERB's April 28, 2010 Order as well as the matters docketed as PERB-DC-09-07 and PERB-RC-09-09, and remand this matter for

right to file a petition for writ of review by dating its order on a certain date, and then not serving the order until the time to file a petition for writ of review has either expired or is about to expire. We note, however, that in the instant case the UIW-SIU has made no allegation that PERB failed to issue its order to the parties on April 28, 2010, or that PERB sought to violate the UIW-SIU's due process rights by depriving it of the right to timely seek judicial review. On the contrary, in its appellate brief, the UIW-SIU expressly states that "[i]n this case, the final order . . . was dated *and mailed* to appellee, through his counsel, on April 28, 2010." (Appellee's Br. 11 (emphasis added).) While we recognize that counsel's representation in a brief does not constitute evidence, *see Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011) (citing cases), a rebuttable presumption exists that the date listed on the face of an administrative agency decision is the same date that service was effectuated, which the UIW-SIU made no attempt to rebut at the June 16, 2010 hearing. *See Yepremyan*, 614 F.3d at 1043; *Laboski v. Ashcroft*, 387 F.3d 628, 632 (7th Cir. 2004) ("Courts have held in similar circumstances that a BIA decision is presumed to be mailed on the date of the transmittal letter, absent evidence to the contrary.") (collecting cases); *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 526 (2d Cir. 1996) ("[I]t may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice.") (citing *Baldwin County Welcome Center v. Brown*, 466 U. S. 147, 148, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)); *Bailey v. Cajun Insulation*, 453 So.2d 237, 241 (La. 1984) ("The decision also contained the notation 'Decision Mailed: 9/2/83'. This notation gives rise to a presumption that the notice was mailed on September 2, since public officials are presumed to have performed their duties correctly."). Finally, while counsel for the UIW-SIU represented at the hearing that he did not receive the April 28, 2010 Order until May 3, 2010, counsel has failed to provide any explanation — either to this Court or the Superior Court — as to why he could not have filed a petition for writ of review prior to the May 18, 2010 deadline.

proceedings consistent with this Opinion, including entry of an order of summary judgment enforcing the April 28, 2010 Order.