In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2721

SALVADOR TAPIA-LEMOS,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Department of Homeland Security

SUBMITTED AUGUST 17, 2012—DECIDED AUGUST 31, 2012

Before EASTERBROOK, *Chief Judge*, and POSNER and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Salvador Tapia-Lemos
entered the United States illegally in 1992. He was
removed to Mexico in 1997 following his convictions
for obstruction of justice and failing to report an
accident (that is, being a hit-and-run driver). Tapia did
not contest the allegation that he was removable on
account of convictions for aggravated felonies—not to

mention the fact that he never had a colorable claim of entitlement to be in the United States. Nor did he seek judicial review of the 1997 removal order. But he did reenter this nation, again illegally (he crossed the border by stealth), was caught, was removed again, and came back a third time by stealth, just as illegally as before. In 2010 the Department of Homeland Security reinstated the 1997 removal order. See 8 U.S.C. §§ 1228(b), 1231(a)(5).

This time Tapia sought judicial review. He contended that the 1997 order is invalid because he did not receive proper notice of his right to counsel and because his convictions do not meet the statutory definition of aggravated felonies. Although the reinstatement of a removal order can be reviewed on the same terms as a newly issued order, we dismissed Tapia's petition because it was filed more than 30 days after the order of reinstatement. *Tapia Lemos v. Holder*, 636 F.3d 365 (7th Cir. 2011). He also asked us to review the agency's denial of a motion to stay removal; we held that a court does not have jurisdiction to review the agency's decision to execute a removal order. *Id.* at 367; see also 8 U.S.C. §1252(g).

After we held that Tapia's delay put the reinstatement decision beyond review, he asked the agency to "reopen" its decision. The agency summarily rejected that request with the observation that it duplicated the motion for a stay. Tapia then filed another petition for judicial review. This, too, must be dismissed for lack of jurisdiction.

Denial of a *bona fide* motion to reopen is reviewable under 8 U.S.C. §1252(a). See *Kucana v. Holder*, 130 S. Ct. 827

(2010). But, as we observed last year, the time to file a motion to reopen the removal decision expired in 1997. See 8 U.S.C. §1229a(c)(7)(C)(i) (motions to reopen must be filed within 90 days of the final removal decision). The motion Tapia filed in May 2011 did not request an immigration judge or the Board of Immigration Appeals to reopen the removal decision; it asked immigration officials not to *execute* the 1997 order. We have already held that such a request is not subject to judicial review. Changing the caption on the document from "motion for stay" to "motion to reopen" does not create a right of judicial review. The sort of motion to reopen to which §1229a(c)(7)(C)(i) and *Kucana* speak is one seeking reopening of a decision under §1229a itself—and an order reinstating a prior removal order is entered under §1228(b) and §1231(a)(5), not §1229a. Even if all of this were wrong, and the order of November 1, 2010, reinstating the 1997 order were treated as a new removal order for all purposes, that would have set the deadline for reopening at the end of January 2011, long before Tapia filed this "motion to reopen."

Tapia does not rely on §1229a. Instead he points to 8 C.F.R. §103.5(a), a procedural regulation applicable to administrative decisions in the removal process. This permits reopening of any decision not made by an IJ or the BIA, Tapia maintains. Yet §1231(a)(5) itself provides that a reinstated order "is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." A regulation cannot countermand a statute, so

§103.5(a) does not apply to decisions that reinstate removal orders. The only thing that a court of appeals could review would be the *original* removal order—and, to repeat what we held last year, that review must be sought within 30 days of the order's reinstatement. Tapia missed the deadline.

He contends that the *Chenery* doctrine—see *SEC v. Chenery Corp.*, 318 U.S. 80, 88–89 (1943); *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)—bars the agency from asking us to dismiss the current petition. The agency's decision denying the May 2011 "motion to reopen" says: "As the May 20, 2011 request is identical to the December 9, 2010 request [the motion for a stay], no action will be taken on this request." This means, Tapia insists, that the agency has forfeited its opportunity to deny that the document filed in May 2011 is a real motion to reopen, and the court therefore must address the motion on its merits.

What an agency does or does not say in response to a motion cannot affect our jurisdiction. Reinstated removal orders are not subject to "reopening," and it does not matter what caption an alien puts on a document asking the agency to reconsider the reinstatement. The agency could not confer subject-matter jurisdiction on this court by an explicit waiver of the rule that a petition for review must be filed within 30 days of the initial agency decision; true jurisdictional rules are not subject to waiver or forfeiture, and *Stone v. INS*, 514 U.S. 386 (1995), holds that the time limit for seeking judicial review of a removal order is a true limit on subject-matter jurisdiction.

Tapia wants us to treat §1231(a)(5) as forbidding re-opening only of the *original* removal order, and not of the order reinstating it. The statutory language could be read as Tapia proposes only at the expense of draining it of meaning—for the passage of time already forbids reopening of the original removal order. (Recall that, per §1229a(c)(7)(C)(i), the deadline is 90 days from the final order of removal.) Unless §1231(a)(5) blocks reopening of the decision to reinstate, the prohibition serves no function. Section 1231(a)(5) is designed to expedite re-removal of a person who returns without permission after being removed. See *Ponta-Garcia v. Attorney General*, 557 F.3d 158, 162 (3d Cir. 2009); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491, 494 (9th Cir. 2007); *De Sandoval v. Attorney General*, 440 F.3d 1276, 1283 (11th Cir. 2006). On Tapia's understanding, however, the process for reinstatement and re-removal would be as protracted as the process for contesting an initial removal decision. That would not be a sensible way to read the no-reopening language in §1231(a)(5).

Tapia should deem himself fortunate that the United States has not commenced a criminal prosecution in response to his multiple illegal entries. His avenues of judicial review of the removal order, and the reinstatement decision, are closed by the passage of time, and no new filings, no matter what captions they bear, can extend a jurisdictional time limit.

The petition for review is dismissed for want of jurisdiction.